✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__LAWRENCE ALLEN TOLLEY__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    2:09 cr 14

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

  X for which a maximum term of imprisonment of ten years or more is prescribed in __18 U.S.C. § 922(g)(1)__.
  under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence  a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                  *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:09 cr 14**

UNITED STATES OF AMERICA,

Vs.                                                                                    **ADDENDUM TO**
                                                                                        **DETENTION ORDER**
LAWRENCE ALLEN TOLLEY.

_____

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve both a firearm and a crime of violence. The defendant is charged with being a felon in possession of a firearm and also being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1). Those offenses are considered to be crimes of violence in this circuit. US vs. Redmon, 3:06cr92 and US vs. Allen, 409 F.Supp. 2d 622 (Maryland 2006).

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. On February 9, 2009 at approximately 1:00 a.m. the defendant was encountered in Bryson City, NC in a roadway with a firearm. The defendant was given instructions by the officer and the defendant threw the handgun from the road and became verbally abusive to the officer. The defendant was found with 9mm ammunition on his person and the handgun was later found.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties and he has had employment as a brick mason. The defendant is a life-long resident of Cherokee, NC. The defendant's history relating to drug or alcohol abuse shows that he used both alcohol and marijuana and he used marijuana during the week of his arrest. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving while impaired | 06/26/03 |
| Drunk and disruptive | 03/08/06 |
| Driving while impaired | 04/06/06 |
| Transportation of alcoholic beverages | 08/02/06 |
| Driving while impaired | 01/08/07 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Involuntary manslaughter, US District Court | 09/28/00 |
| Failure to secure a passenger under age 16 | 07/27/00 |
| Driving while license revoked | 11/30/05 |
| Driving while license revoked | 11/30/05 |
| 2 counts of resisting arrest | 02/27/06 |

| | |
|---|---|
| Driving while license revoked | 01/08/07 |
| Breaking and entering | 10/25/06 |
| Criminal mischief to property | 10/25/06 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to charges of failure to secure passenger under age 16 and operating a vehicle with no insurance on July 27, 2000. There were warrants in Swain County, NC charging the defendant with felony larceny, felony conspiracy, robbery with a dangerous weapon, first degree burglary, and larceny of a firearm. Those warrants are unserved.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant is charged with offenses that are crimes of violence in this circuit. Of particular note is that the defendant has a previous conviction for involuntary manslaughter along with additional offenses, including resisting arrest and repeated counts of driving while impaired. These factors show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

The undersigned does not find that the release of the defendant would create a risk of flight on his part. The defendant has always resided in the Cherokee community and as a result, the undersigned cannot find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: May 14, 2009

Dennis L. Howell
United States Magistrate Judge